UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JEFFREY D. MAPES,<br><br>              Debtor. | Case No. 21-40237-169<br><br>Chapter 7<br><br>Hon. Bonnie L. Clair |
| In re:<br><br>DEBORAH A. HENDERSON,<br><br>              Debtor. | Case No. 21-40040-659<br><br>Chapter 7<br><br>Hon. Kathy A. Surratt-States |
| In re:<br><br>HAROLD GUIDO,<br><br>              Debtor. | Case No. 20-45516-169<br><br>Chapter 7<br><br>Hon. Bonnie L. Clair |
| DANIEL J. CASAMATTA,<br>Acting United States Trustee,<br><br>              Movant<br><br>v.<br><br>WILLIAM H. RIDINGS, JR.,<br><br>              Respondent. | Hearing Date before Judge Surratt-States in<br>Henderson Case:    July 26, 2021<br>Hearing Time:       10:00 a.m.<br>Location:             111 South 10th Street<br>                        Courtroom 7 North<br>                        St. Louis, MO 63102<br><br>Hearing Date before Judge Clair in Guido and<br>Mapes Cases:       July 27, 2021<br>Hearing Time:       10:00 a.m.<br>Location:             111 South 10th Street<br>                        Courtroom 7 South<br>                        St. Louis, MO 63102 |

**JOINT MOTION FOR SCHEDULING ORDER
ON UNITED STATES TRUSTEE'S MOTIONS**

Movant, Daniel J. Casamatta, the Acting United States Trustee ("UST"), and attorney William H. Ridings, Jr. ("Ridings" or "Counsel"), each by and through undersigned counsel, submit the following joint motion seeking a scheduling order relating to the motions filed by the UST against Ridings in each of the above-captioned chapter 7 cases (the "UST Motions").[1]

Consistent with the Court's guidance, the parties seek an order approving the parties' agreed schedule of events and scheduling an evidentiary hearing. A proposed order is included herewith as Exhibit "A."

The parties respectfully and jointly suggest the following schedule of events to culminate in an evidentiary hearing:

1. <u>Ridings Intended Proof on Reasonableness</u>. By **Wednesday, August 11, 2021**, Ridings shall provide to counsel to the UST a summary of the intended proof of reasonableness of his fees in these related cases. The UST may, thereafter, seek an examination of Ridings on this topic at the discretion of the UST.

2. <u>General Discovery</u>. Other than the items described in paragraphs 1 and 2, the parties do not anticipate the need for discovery in these matters. Nevertheless, any discovery shall be completed by <u>September 1, 2021</u>.

---

[1] The UST Motions consist of the "United States Trustee's Motion for Examination of the Fees of Debtor's Attorney Pursuant to Local Rule 2093 (C)(3) of the United States Bankruptcy Court for the Eastern District of Missouri, 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Mapes</u> case as docket entry ("DE") 17; the "United States Trustee's Motion for Examination of Debtor's Attorney's Fees and Fee Agreements With Debtor Pursuant to Local Rule 2093 of the United States Bankruptcy Court for the Eastern District of Missouri, 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Henderson</u> case as DE 14; and the "United States Trustee's Motion for Examination of Debtor's Attorney's Fees and Fee Agreements with Debtor Pursuant to Local Rule 2093, 11 U.S.C. § 329(b), and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Guido</u> case at DE 40.

3. <u>Joint Pretrial Statement</u>. By **Wednesday, September 8, 2021**, the parties shall file a joint pre-trial statement including the following information:

   a. A summary of stipulated facts agreed to be relevant to these proceedings;

   b. A separate summary, if needed, of facts asserted by one or the other of the parties as to which a stipulation has not been reached;

   c. A concise summary from each party of the arguments and legal theories predicating their positions;

   d. A list of exhibits as to which admission is stipulated;

   e. A separate list of exhibits, if needed, of exhibits proposed to be admitted by one or the other party as to which admission is not stipulated;

   f. A list of witnesses that each party may call with a concise summary of the nature and relevance of their anticipated testimony; and,

   g. If applicable, any agreements between the parties as to the agreed scope of any ruling that the Court may render in these matters (subject, as applicable, to the Court's independent discretion in any such matters).

4. <u>Simultaneous, Supplemental Pre-Trial Briefs</u>. By **Friday, September 17, 2021**, each party may, as they deem necessary, file a supplemental brief of points and authorities on the issues to be determined by the Court.

5. <u>Standard Pre-Trial Procedures</u>. The parties agree that standard pre-trial procedures under Local Rule 7016(A) concerning the exchange and delivery of exhibits shall apply.

6. <u>Trial</u>. The parties are prepared to try these matters in an in-person evidentiary hearing that the parties estimate can be completed in one day or less, on or after **Monday,**

**September 27, 2021**, with the following excepted dates as to which one or more of the attorneys or parties is unavailable:

    a. October 11-15, 2021; and,

    b. October 20-21, 2021.

7. Ridings affirmatively requests and the UST does not oppose a joint hearing of the matters pursuant to Federal Rules of Bankruptcy Procedure 7042 and 9014(c).

8. <u>Applicability and Scope of Anticipated Order</u>. The parties continue to discuss a consensual resolution about the applicability and scope of any order or decision that may result from this matter, acknowledging the Court's independent discretion in these matters. Nonetheless, at this time, the parties also request the Court's guidance as to debtors' counsels' and FSF's practice of separating all necessary legal services into multiple agreements in light of Local Rule 2093(C)(3) and the scope and application of a future order on FSF cases filed in this district prior to, during, or after this litigation.

RESPECTFULLY SUBMITTED this 23rd day of July, 2021,

FOR RIDINGS:

| | |
|---|---|
| /s/ *William H. Ridings, Jr.* | /s/ *Daniel E. Garrison* |
| William H. Ridings, Jr. | Daniel E. Garrison, AZ Bar 021495 |
| Ridings Law Firm | Admission *pro hac vice* pending |
| 2510 South Brentwood Boulevard, Suite 205 | Protego Law, PLLC |
| St. Louis, Missouri 63144 | 1805 N. Scottsdale Rd., Ste. 100 |
| Telephone: (314) 968-1313 | Tempe, AZ 85281 |
| Ridingslaw2010@yahoo.com | Tel: (480) 504-6840 |
| | dan@protegolaw.com |

FOR DANIEL J. CASAMATTA,
Acting United States Trustee

| | |
|---|---|
| /s/ *Carole J. Ryczek* | /s/ *Sirena T. Wilson* |
| Carole J. Ryczek | Sirena T. Wilson |
| Trial Attorney | Trial Attorney |
| Office of the United States Trustee | Office of the United States Trustee |
| Bar No. 6195873IL | Bar No. LSBA 34363MO |
| 111 S. 10th St., Ste. 6.353 | 111 S. 10th St., Ste. 6.353 |
| St. Louis, MO 63102 | St. Louis, MO 63102 |
| Tel: (314) 539-2982 | Tel: (202) 503-7937 |
| Fax: (314) 539-2990 | sirena.wilson@usdoj.gov |
| carole.ryczek@usdoj.gov | |

/s/ *Joe Schlotzhauer*
Joe Schlotzhauer
Trial Attorney
Office of the United States Trustee
Bar No. 62138MO
111 S. 10th St., Ste. 6.353
St. Louis, MO 63102
Tel: (202) 280-9375
joseph.schlotzhauer@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JEFFREY D. MAPES,<br><br>        Debtor. | Case No. 21-40237-169<br><br>Chapter 7<br><br>Hon. Bonnie L. Clair |
| In re:<br><br>DEBORAH A. HENDERSON,<br><br>        Debtor. | Case No. 21-40040-659<br><br>Chapter 7<br><br>Hon. Kathy A. Surratt-States |
| In re:<br><br>HAROLD GUIDO,<br><br>        Debtor. | Case No. 20-45516-169<br><br>Chapter 7<br><br>Hon. Bonnie L. Clair |
| DANIEL J. CASAMATTA,<br>Acting United States Trustee,<br><br>        Movant<br><br>v.<br><br>WILLIAM H. RIDINGS, JR.,<br><br>        Respondent. | |

## SCHEDULING ORDER
## ON UNITED STATES TRUSTEE'S MOTIONS

Daniel J. Casamatta, the Acting United States Trustee for the Eastern District of Missouri ("the United States Trustee"), and William H. Ridings, Jr. ("Mr. Ridings"), having filed a Joint Motion for Entry of a Scheduling Order ("the Joint Motion") on July 23, 2021, relating to the United States Trustee's Motions for Examination of the Fees of Debtor's Attorney Pursuant to Local Rule 2093(C)(3) of the United States Bankruptcy Court for the Eastern District of Missouri, 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017 ("the United States Trustee's Motions") filed in each of these cases. Based on careful review of the Joint Motion and the record in these cases, it is accordingly

**ORDERED** that the Joint Motion be and hereby is **GRANTED** in that the following schedule shall govern the proceedings with respect to the United States Trustee's Motions:

1. No later than **Wednesday, August 11, 2021**, Mr. Ridings shall provide to counsel to the United States Trustee a summary of the intended proof of reasonableness of his fees in these related cases. The United States Trustee may thereafter seek an examination of Mr. Ridings on this topic at the discretion of the United States Trustee.

2. Any discovery shall be completed by **September 1, 2021**.

3. No later than **Wednesday, September 8, 2021**, the parties shall file a joint pre-trial statement including the following information:

    a. A summary of stipulated facts agreed to be relevant to these proceedings;

    b. A separate summary, if needed, of facts asserted by one or the other of the parties as to which a stipulation has not been reached;

    c. A concise summary from each party of the arguments and legal theories predicating their positions;

    d. A list of exhibits as to which admission is stipulated;

    e. A separate list of exhibits, if needed, of exhibits proposed to be admitted by one or the other party as to which admission is not stipulated;

    f. A list of witnesses that each party may call with a concise summary of the nature and relevance of their anticipated testimony; and,

    g. If applicable, any agreements between the parties as to the scope of the Court's ruling in these cases, subject to the Court's independent discretion with respect to such scope.

  4. No later than **Friday, September 17, 2021**, each party may, as they deem necessary, file a supplemental brief of points and authorities on the issues to be determined by the Court.

  5. The parties agree that standard pre-trial procedures under Local Rule 7016(A) concerning the exchange and delivery of exhibits shall apply.

  6. The trial on the United States Trustee's Motions is scheduled for _____, 2021, at _____ m. in Courtroom _____.

DATED:
St. Louis, Missouri

          _____
          KATHY A. SURRATT-STATES
          Chief United States Bankruptcy Judge

          _____
          BONNIE L. CLAIR
          United States Bankruptcy Judge