UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re:<br>JEFFREY D. MAPES,<br>          Debtor. | Case No. 21-40237-169<br>Chapter 7<br>Hon. Bonnie L. Clair |
| In re:<br>DEBORAH A. HENDERSON,<br>          Debtor. | Case No. 21-40040-659<br>Chapter 7<br>Hon. Kathy A. Surratt-States |
| In re:<br>HAROLD GUIDO,<br>          Debtor. | Case No. 20-45516-169<br>Chapter 7<br>Hon. Bonnie L. Clair |
| In re:<br>LACHONDA R. VALENTINE,<br>          Debtor. | Case No. 21-41515-169<br>Chapter 7<br>Hon. Bonnie L. Clair |
| In re:<br>ANTWAIN J. WATSON,<br>          Debtor. | Case No. 21-41505-169<br>Chapter 7<br>Hon. Bonnie L. Clair |
| In re:<br>ANDRE S. GAITER,<br>          Debtor. | Case No. 21-40761-659<br>Chapter 7<br>Hon. Kathy A. Surratt-States |
| DANIEL J. CASAMATTA,<br>Acting United States Trustee,<br>          Movant<br>v.<br>WILLIAM H. RIDINGS, JR.,<br>          Respondent. | |

**MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014
AND 7042, AND FEDERAL RULE OF CIVIL PROCEDURE 42(a)(1) TO HOLD**

## JOINT HEARING ON UNITED STATES TRUSTEE'S MOTIONS

Attorney William H. Ridings, Jr. ("Ridings" or "Counsel"), counsel to the debtors in the above-captioned chapter 7 cases, by and through undersigned counsel, submits the following motion under Federal Rules of Bankruptcy Procedure 9014 and 7042, and Federal Rule of Civil Procedure 42(a)(1) to join the evidentiary hearings in each of the above-captioned cases on the similar motions filed by the United States Trustee against Ridings in each case (each the "[*debtor name*] Motion" and, collectively, the "United States Trustee Motions").[1]

### I.    FACTS

1.    Each of the United States Trustee's Motions raise two legal arguments: first, that Ridings' practice of bifurcating his engagements in each of these cases constitutes impermissible "unbundling" of the services in violation of Local Rule 2093(C)(3); and, second, that Ridings' practice of charging a higher fee for bifurcated engagements than he charges for traditional,

---

[1] The UST Motions consist of:

1.    the "United States Trustee's Motion for Examination of the Fees of Debtor's Attorney Pursuant to Local Rule 2093 (C)(3) of the United States Bankruptcy Court for the Eastern District of Missouri, 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Mapes</u> case as docket entry ("DE") 17;

2.    the "United States Trustee's Motion for Examination of Debtor's Attorney's Fees and Fee Agreements With Debtor Pursuant to Local Rule 2093 of the United States Bankruptcy Court for the Eastern District of Missouri, 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Henderson</u> case as DE 14;

3.    the "United States Trustee's Motion for Examination of Debtor's Attorney's Fees and Fee Agreements with Debtor Pursuant to Local Rule 2093, 11 U.S.C. § 329(b), and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Guido</u> case at DE 40;

4.    the "United States Trustee's Motion for Examination of the Fees of Debtor's Attorney Pursuant to Local Rule 2093 (C)(3), 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Valentine</u> case as DE 15;

5.    the "United States Trustee's Motion for Examination of the Fees of Debtor's Attorney Pursuant to Local Rule 2093 (C)(3), 11 U.S.C. § 329, and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Watson</u> case as DE 21; and,

6.    the "United States Trustee's Motion for Examination of Debtor's Attorney's Fees and Fee Agreements with Debtor Pursuant to Local Rule 2093, 11 U.S.C. § 329(b), and Federal Rule of Bankruptcy Procedure 2017," filed in the <u>Gaiter</u> case at DE 16.

prepaid engagements makes his fees in the bifurcated cases unreasonable pursuant to Section 329 and Rule 2017.

2.      While each case presents some facts unique to each debtor's situation, they all involve common facts that are relevant to the UST's arguments, to wit:

        a.  Ridings utilized the same engagement structure in each case;

        b.  Ridings utilized the same form of engagement agreements in each case; and,

        c.  Ridings charged the same fee in each case.

3.      In the Mapes, Henderson and Guido cases, Ridings and the UST have already filed joint motions for the entry of scheduling orders with common processes and deadlines that will culminate in all of the cases being ready for trial simultaneously. While no scheduling orders have yet been entered, by agreement the parties are following the process and agreed deadlines not only in the Mapes, Henderson and Guido cases, but also in the Valentine, Watson and Gaiter cases. Notably, Ridings already has timely provided the UST with a summary of his intended proof of reasonableness of fees in all six cases, regardless of the fact that there are not yet scheduling orders in place.

## II.    ARGUMENT

The Court should hold a joint evidentiary hearing on the UST Motions under the authority of Rule 7042. The UST Motions present contested matters subject to Rule 9014 which, in turn, makes many of the Part VII Rules, including Rule 7042, applicable here. See Fed. R. Bankr. P. 9014(a), (c). Rule 7042, in turn, incorporates the provisions of Rule 42 of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 7042. Rule 42, finally, provides for the consolidation of proceedings. See Fed. R. Civ. P. 42(a).

More particularly, Rule 42(a) provides that:

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Id. To be clear, Ridings does not seek a total consolidation of these matters, but instead only a joinder of the matters under subsection (1) for a joint evidentiary hearing in all six matters.

This request satisfies the requirements of Rule 42 in that each of these cases, as described above, involve common questions of law *and* fact. The interests of justice will be served by a joint hearing process through the avoidance of potentially conflicting outcomes on the legal issues presented. Certainly, the convenience of the parties and witnesses, as well as economy of judicial resources, also are served by granting the relief sought herein.

Accordingly, Ridings requests that each of the judges in the above-captioned cases schedule a joint, one-day evidentiary hearing to occur on or after October 15, 2021, with the following dates excepted as to which one or more of the attorneys or parties are unavailable:

    a.   October 20-21, 2021.

The UST does not join in this motion, but has no objection to the relief sought herein, and has provided dates listed above as to which one or more of their required attorneys will not be available.

RESPECTFULLY SUBMITTED this 13th day of August, 2021.

 /s/ William H. Ridings, Jr.
William H. Ridings, Jr.
Ridings Law Firm
2510 South Brentwood Boulevard, Suite 205
St. Louis, Missouri 63144
Telephone: (314) 968-1313
Ridingslaw2010@yahoo.com

/s/ Daniel E. Garrison
Daniel E. Garrison, AZ Bar 021495
Admitted *pro hac vice* in certain cases and
admission pending in others
Protego Law, PLLC
1805 N. Scottsdale Rd., Ste. 100
Tempe, AZ 85281
Tel: (480) 504-6840
dan@protegolaw.com